**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNIVERSAL STRATEGIES FUND (SCC) LTD <br> The Financial Services Centre <br> Stoney Ground, Kingstown VC0100, St. Vincent and the Grenadines <br><br>          Plaintiff, <br><br>      v. <br><br> BRADLEY T. SMITH, in his official capacity as Director of the United States Department of the Treasury, Office of Foreign Assets Control <br> 1500 Pennsylvania Avenue, NW <br> Freedman's Bank Building <br> Washington, D.C. 20220 <br><br> and <br><br> THE UNITED STATES DEPARTMENT OF THE TREASURY, OFFICE OF FOREIGN ASSETS CONTROL <br> 1500 Pennsylvania Avenue, NW <br> Freedman's Bank Building <br> Washington, D.C. 20220 <br><br>          Defendants. | **Case No.** 1:26-cv-02440 <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff Universal Strategies Fund (SCC) Ltd ("Universal" or the "Fund") brings this action against the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") and its Director, Bradley T. Smith, and in support of its complaint alleges the following:

**INTRODUCTION**

1.      This is a civil action to compel OFAC to issue a long overdue decision on Universal's application to unblock certain assets that have been frozen for years.

2.      In March 2022, Universal was automatically deemed a blocked person after an individual with more than 50% indirect ownership in Universal was added to OFAC's Specially Designated Nationals ("SDN") and Blocked Persons List.

3.      In August 2023, Universal submitted a license application to OFAC requesting OFAC to authorize certain banks to unblock and release the Universal assets in their possession (the "Unblocking License Application").  At the time, Universal was not considered a blocked person because it was no longer owned, directly or indirectly, in whole or in part, by any SDN.

4.      To date, OFAC has not provided a response to Universal's Unblocking License Application and those assets remain blocked.

5.      As a result of OFAC's inaction on the Unblocking License Application, Universal submitted a separate license application to OFAC in September 2024, asking OFAC to authorize Universal and other parties to engage in all necessary steps to participate in an exchange offer for certain notes held by Universal that were blocked (the "2024 License Application").  This exchange offer was set to expire in October 2024.

6.      OFAC did not respond to Universal's 2024 License Application prior to the expiration of the exchange offer, resulting in Universal losing approximately $6 million of its original investment due to its inability to participate in the exchange offer.  Any response by OFAC relating to Universal's 2024 License Application is now moot.

7.      Since that time, OFAC has not substantively engaged with Universal on the Unblocking License Application.  Nor has OFAC provided Universal with status updates, an

expected timeframe for taking action on the Unblocking License Application, or an explanation for its delay.

8. By failing to timely adjudicate Universal's applications, OFAC has continued to severely harm not only the financial condition of the Fund, but its individual investors who have been unable to access their investments for years and, in some cases, have been unable to use their savings to pay for medical, education, and living expenses, or have lost the ability to use their own money as they see fit for personal, financial and/or business opportunities.

9. Universal and its investors have waited long enough. Universal is owed a response to the Unblocking License Application, and the law requires one.

10. Universal therefore seeks this Court's intervention to direct OFAC to issue a determination on its Unblocking License Application.

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because the action arises under federal law, including the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, and pursuant to 28 U.S.C. § 1361, because this action seeks to compel officers and employees of the United States and its agencies to perform a duty owed to Universal.

12. An actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a), and this Court may grant declaratory relief, injunctive relief, and other appropriate relief pursuant to 28 U.S.C. §§ 2201–02 and 5 U.S.C. §§ 705–06, and mandamus relief pursuant to 28 U.S.C. § 1361.

13. Venue is proper in this Court under 28 U.S.C. § 1391(e)(1) because this action seeks relief against federal agencies and officials acting in their official capacities; at least one

defendant is located in this district; and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

14. Plaintiff Universal Strategies Fund (SCC) Ltd is an exempted segregated portfolio company domiciled in St. Vincent and the Grenadines.

15. Defendant OFAC is an administrative agency of the United States Department of the Treasury, located at 1500 Pennsylvania Ave., NW, Freedman's Bank Building, Washington D.C. 20220. OFAC administers and enforces economic and trade sanctions in support of U.S. national security and foreign policy objectives. Defendant OFAC is responsible for reviewing and making a determination on Universal's Unblocking License Application.

16. Defendant Bradley T. Smith is the Director of OFAC. In this role, Director Smith is responsible for overseeing and directing OFAC's Licensing Division. Director Smith is sued in his official capacity.

## FACTUAL ALLEGATIONS

**A.** *The Fund*

17. Universal was incorporated on March 7, 2007 as an exempted segregated portfolio company, and was re-domiciled to St. Vincent and the Grenadines on September 14, 2016.

18. Universal is structured as an umbrella fund with two sub-funds, one of which has an investment portfolio comprising emerging market bonds (the "Universal Absolute Return Sub-Fund"), and the other which is focused on real estate investments.

19. The Universal Absolute Return Sub-Fund has an investment portfolio comprised of emerging market bonds, including a small portion in sovereign bonds, but not Russian sovereign bonds, which are denominated in U.S. dollars and foreign currencies.

20.     Nominee investors of Universal include REYL & Cie SA ("REYL") and Mirabaud & Cie SA, which are two banks that have invested in the Fund on behalf of individual investors.

21.     Except for its own banking commissions, REYL does not allow any withdrawal out of the Fund's assets for any reason, including paying the Fund's directors, administrators, managers and other service providers and vendors.

22.     Universal has had in place anti-money laundering and other sanctions compliance procedures.

23.     The administrator and Universal rely upon the sanctions screening and other compliance procedures of the nominee shareholders, including REYL, custodian, and sub-custodian banks to screen the bank's investors, who, in turn, are invested in Universal.

**B.     *OFAC'S Designation of Viktor Alekseyevich Kazakov as a Specially Designated National***

24.     On March 24, 2022, OFAC designated Viktor Alekseyevich Kazakov ("Kazakov") as a SDN pursuant to Executive Order 14024 due to his membership in the Russian State Duma and the Duma's role in enabling Russia's war effort in Ukraine.

25.     At that time, Kazakov indirectly owned an approximate 58% interest in Universal through his 100% ownership in Greenland DWC LLC ("Greenland"), a trading company and one of the clients of REYL's subsidiary based in Dubai.

26.     On June 14, 2022, REYL informed Universal that OFAC had designated Kazakov as a SDN.

27.     As a result of Kazakov's indirect majority ownership of Universal through Kazakov's ownership in Greenland, Universal was deemed a blocked person.

28.     On July 4, 2022, REYL subsequently sent a written notice to Universal confirming the SDN designation and the blocking of Universal's accounts.

29.     That same day, the Fund passed a resolution blocking all transactions with the Fund's assets in accordance with its strict compliance procedures and advised all shareholders of this.

30.     On August 2, 2022, REYL alerted Clearstream Banking S.A. ("Clearstream") and another intermediary, sub-custodians of the Fund, to the presence of a SDN in the Fund's ownership and required the segregation and blocking of all Universal's securities with a United States nexus deposited in their books.

31.     On August 23, 2022 and September 30, 2022, respectively, Clearstream and the other intermediary blocked and instructed their United States correspondent bank Citibank U.S. ("Citibank") to block all Universal's securities with a United States nexus (collectively with the funds blocked by Clearstream and the other intermediary, the "Blocked Funds").

32.     At the time the funds were blocked, the total amount of Blocked Funds was approximately $93 million.

**C.     *Universal's Unblocking License Application***

33.     On August 4, 2023, Universal filed the Unblocking License Application with OFAC to unblock the Fund's assets because Universal was no longer owned, directly or indirectly, in whole or in part, by Kazakov.

34.     As more fully described in the Unblocking License Application, Kazakov had been fully divested of his indirect ownership in Universal as of August 26, 2022.

35.     In the Unblocking License Application, Universal requested that OFAC authorize Clearstream, another intermediary, and Citibank to unblock and return the Blocked Funds to

Universal because Universal was no longer owed by Kazakov or any other SDN and as such, Kazakov would not benefit from the unblocking of the funds.

36.    Universal explained to OFAC in the Unblocking License Application that the unblocking would not harm national security or OFAC's sanctions objectives.

37.    As an additional ground to unblock the funds, Universal explained that OFAC's unblocking of the funds would allow Universal to resume normal operations of the Fund's administration and management and avoid continued harm to unsanctioned entities and individuals by enabling investors in the Fund to access their investments.

**D.    *Universal's 2024 License Application***

38.    While Universal's Unblocking License Application remained pending, in September 2024, Universal requested a separate approval from OFAC to permit it to engage in necessary steps to participate in n routine exchange offer related to Universal's accounts held by various banks.

39.    On August 12, 2024, the issuers of the notes launched a routine exchange offer to solicit bondholders' consent to replace the notes with new securities.

40.    In the 2024 License Application, Universal requested OFAC to authorize a ministerial corporate action that was being forced upon Universal by the issuers.

41.    OFAC did not respond to Universal's 2024 License Application and the offer expired, resulting in Universal and fund investors losing approximately $6 million of its original investment due to its inability to participate in the exchange offer.  Any response by OFAC to Universal's 2024 License Application is now moot.

**E.**    ***OFAC Unreasonably Delays Acting on Universal's Unblocking License Application and 2024 License Application***

42.    To date OFAC has failed to act on Universal's Unblocking License Application and 2024 License Application (which is now moot).

43.    Since filing its applications with OFAC, Universal has requested status updates on numerous occasions and has been in contact with senior personnel from OFAC, including the General Counsel's office.

44.    As one example, on February 28, 2025, Universal (through counsel) emailed OFAC requesting a status update on its Unblocking License Application.

45.    On March 25, 2025, Ms. Sara Hickman, an OFAC Sanctions Licensing Officer, responded and requested the Legal Entity Identifier ("LEI") for Universal, including both sub-funds, as well as Greenland.

46.    On April 16, 2025, Universal timely responded to Ms. Hickman, which she acknowledged the next day.

47.    On April 24, 2025, Universal provided Ms. Hickman with the information she requested, namely the LEI numbers recently obtained for Universal and Greenland.

48.    Since that time, Universal has not received any further communication from OFAC regarding the Unblocking License Application. OFAC has not requested any additional information it may need to make a determination on the Unblocking License Application, nor has OFAC provided any reason for its unreasonable delay or an expected timeline for making a determination on the application.

49.    Universal's license applications have languished in OFAC's files for years without explanation to the detriment of the Fund and its investors, despite OFAC's non-discretionary duty to review and make determinations on Universal's applications.

**F.**    *Harm Suffered By Universal and Its Investors*

50.    OFAC's failure to act within a reasonable time to determine Universal's license applications has resulted in significant financial harm to not only Universal as the Fund, but also its investors.

51.    Due to OFAC's failure to act on Universal's 2024 License Application, Universal lost approximately $6 million of its original investment due to its inability to participate in a 2024 exchange offer.

52.    OFAC's failure to act on the Unblocking Application has rendered Universal unable to pay outstanding bills for services ordinarily incident and necessary to the continued operation of the Fund.

53.    As such, Universal is exposed to further harm for unpaid bills and late fees for invoices because it is unable to access the Blocked Funds.

54.    Universal also has certain obligations to its investors to provide them with distributions and access to their investments.  The longer Universal is unable to properly manage the Fund's operations, the more likely Universal faces economic harm from claims made by investors.

55.    Universal also risks breaching other contractual obligations, such as its obligations to lenders under credit facilities, if the funds remain blocked and Universal cannot sufficiently cover payments.

56.    Without authorization from OFAC to unblock the funds, Universal will continue to be unable to pay distributions that investors are entitled to and are relying upon.

57.    Equally important, individual investors in the Fund are being meaningfully impacted by their inability to access significant portions of their savings that have been frozen in

the Fund for years.  Individual investors in the Fund who rely upon those savings have been unable to pay for cost of living, medical, and other critical expenses.

58.     As set forth in the Unblocking License Application, at least one investor who was unable to access his investment in the Fund to pay significant medical bills and receive medical treatment, passed away while Universal's application was pending with OFAC.

59.     Other individual investors have faced extreme economic hardship by not being able to access their investments, which include the loss of business opportunities, educational opportunities, and the reduced ability to support their families.

60.     For example, multiple investors have been unable to finance additional business ventures or expand their existing businesses on account of their investments remaining blocked by OFAC.  These investors have lost significant business opportunities and have been unable to inject cash flow into their businesses.

61.     For investors who viewed the Fund as a safety net, they have lost that security, and in some cases have been forced to acquire additional debt because of the inability to access and use their funds.

62.     Another investor, who is an Italian citizen, used the Fund for their life savings. Being unable to access her funds continues to cause hardship to her family, and has constrained her preferred educational choices and opportunities for her daughter.

63.     Many individual investors have experienced medical and related issues, including anxiety and stress, because of the uncertainty and risk associated with living life without access to their savings and/or family inheritance.

64. These individual investors are suffering hardship through no fault of their own, years after the exit from the fund of the Specially Designated National that caused the blocking of fund assets.

65. The financial, economic, and personal toll that OFAC's unreasonable delay has caused (and continues to cause) increases with each day that OFAC remains silent on Universal's Unblocking License Application.

66. The time has come for OFAC to take action on Universal's Unblocking License Application and permit the Fund and its investors access to their investments.

**FIRST CAUSE OF ACTION**

(*Violation of the Administrative Procedure Act – Agency Action Unreasonably Delayed*)

67. Universal incorporates the foregoing paragraphs as if fully set forth herein.

68. The Administrative Procedure Act provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . , is entitled to judicial review thereof." 5 U.S.C. § 702. The Act defines "agency action" to include a "failure to act." *Id.* § 551(13).

69. Consistent with that mandate, the Administrative Procedure Act authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed." *Id*. § 706(1).

70. The Administrative Procedure Act further requires that agencies act "within a reasonable time," *id*. § 555(b), and that agencies give prompt notice "of the denial in whole or in part of a written application, petition, or other request" made by an interested person in an agency proceeding, *id*. § 555(e).

71. OFAC has failed to act on Universal's license applications for years despite it being required to do so. *See* 31 C.F.R. §§ 501.801, 501.802. OFAC's failure to act is an agency action unlawfully withheld or unreasonably delayed within the meaning of 5 U.S.C. § 706(1).

72.     This Court should compel OFAC to act on Universal's Unblocking License Application under 5 U.S.C. § 706(1).

73.     This Court should also declare under 28 U.S.C. § 2201 that OFAC's failure to act on Universal's Unblocking License Application and 2024 License Application is unlawful.

## SECOND CAUSE OF ACTION

### (*Mandamus*)

74.     Universal incorporates the foregoing paragraphs as if fully set forth herein.

75.     By failing to act on Universal's license applications for years, Defendants have disregarded their clear, non-discretionary duty to make license determinations.  *See* 31 C.F.R. §§ 501.801, 501.802.

76.     Mandamus is warranted "to correct transparent violations of a clear duty to act" by federal officials.  *In re Aiken Cnty.*, 725 F.3d 255, 258 (D.C. Cir. 2013).

## PRAYER FOR RELIEF

NOW, THEREFORE, Plaintiff requests judgment in its favor against Defendants as follows:

1.     Declare that OFAC has violated its obligation to resolve Universal's Unblocking License Application and 2024 License Application;

2.     Order OFAC to issue a written, reasoned decision on Universal's Unblocking License Application within 30 days;

3.     Award Plaintiff reasonable attorney's fees and costs; and

4.     Such other, further, and different relief as the Court deems just, equitable, and proper.

-12-

Dated: Washington D.C.   Respectfully submitted,
   July 10, 2026

          **KELLEY DRYE & WARREN LLP**

          By: _____
          Melissa E. Byroade, Bar No. 1617393
          670 Maine Ave SW
          Suite 600
          Washington, D.C. 20024
          Telephone: (202) 342-8823
          mbyroade@kelleydrye.com

          *Attorneys for Plaintiff*